**NORTON ROSE FULBRIGHT**

June 9, 2020

**BY ECF**

Norton Rose Fulbright US LLP
1301 Avenue of the Americas
New York, New York 10019-6022
United States

Hon. Joan M. Azrack, U.S.D.J.
United States District Court
Eastern District of New York
Long Island Courthouse
100 Federal Plaza
Central Islip, New York 11722

Direct line +1 212 408-5457
victoria.corder@nortonrosefulbright.com

Tel +1 212 408 5100
Fax +1 212 541 5369
nortonrosefulbright.com

Re: *Ital Uomo of New York, Inc. v. Starr Indemnity & Liability Co. and Starr International Co., Inc.*
   Civil Action No. 1:20-cv-02209

Dear Judge Azrack:

We represent Defendant Starr Indemnity & Liability Co. ("Starr") in the above styled action and we write pursuant to Rule IV.B. of Your Honor's Individual Practice Rules to request a conference regarding Starr's proposed motion to dismiss Plaintiff's Complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).[1]

Plaintiff, Ital Uomo of New York, Inc., an apparel and travel accessory retailer, is seeking a declaration that economic losses caused by the response of civil authorities to the COVID-19 pandemic are covered under a commercial property insurance policy issued by Starr (the "Policy"). (Compl., ¶ 6.) Plaintiff also seeks certification of a nationwide class and a New York subclass comprised of "entities that have entered into commercial property insurance policies with Starr and have suffered COVID-19 economic losses." (*Id.*, ¶¶ 47-48.)

Plaintiff's claims are simply not covered under the Policy, and the Complaint should be dismissed for the following reasons: (1) Plaintiff fails to allege any fact "constituting direct physical loss or damage to Covered Property," which is a prerequisite to coverage under the Policy; (2) Plaintiff's claim for Civil Authority Coverage fails to meet any, much less all, of the four conditions specified in the Policy; and (3) coverage is precluded in any event by the "virus" exclusion contained in the Policy.

**I. Plaintiff's Alleged Closure to Prevent the Spread of COVID-19 Does Not State a Plausible Claim for Coverage as a Matter of Law.**

The Policy identified in the Complaint is a Starr Businessowners Policy, and the coverage Plaintiff seeks under the Policy – Business Income, Extra Expense and Civil Authority – can only be triggered by a suspension of operations caused by "direct physical loss of or damage to property." Plaintiff describes the physical loss allegedly suffered in a single conclusory sentence:

> 33. Plaintiff and all similarly situated Class members have suffered a direct physical loss of and damage to their property because they have been unable to use their property for its intended purpose.

---

[1] Defendant Starr International Co., Inc. is a foreign entity that has not been served; as such, counsel is neither entering an appearance on Starr International's behalf nor addressing the additional grounds for dismissal as respects Star International at this time.

Norton Rose Fulbright US LLP is a limited liability partnership registered under the laws of Texas.

Norton Rose Fulbright US LLP, Norton Rose Fulbright LLP, Norton Rose Fulbright Australia, Norton Rose Fulbright Canada LLP and Norton Rose Fulbright South Africa Inc are separate legal entities and all of them are members of Norton Rose Fulbright Verein, a Swiss verein. Norton Rose Fulbright Verein helps coordinate the activities of the members but does not itself provide legal services to clients. Details of each entity, with certain regulatory information, are available at nortonrosefulbright.com.

Hon. Joan M. Azrack, U.S.D.J.
June 9, 2020
Page 2

NORTON ROSE FULBRIGHT

(*Id.*, ¶ 33.)  In equally conclusory and insufficient fashion, Plaintiff states that the cause of the direct physical loss is "Closure Orders" which it basically defines as "stay-at-home" orders in effect in all but five states.  (*Id.*, ¶¶ 28-29.)  The Complaint is little more than a "cut and paste" job reflecting allegations made in at least 18 similar class actions filed against other insurers by Plaintiff's counsel in courts across the United States in the wake of the COVID-19 pandemic.  As such, it fails to provide any factual allegations regarding Plaintiff's retail business or how it was impacted by any "Closure Order."  In fact, many of the allegations read as if the Complaint was drafted to address a restaurant – not an apparel/travel accessory retailer.

### A. Direct Physical Loss Requires Showing of Tangible Property Damage

For Plaintiff to state a claim, it must allege a claim covered by the Policy.  As respects a claim for Business Income and Extra Expense under Section I. A. of the Policy, Plaintiff bears the burden of proving that the suspension of its operations was "caused by direct *physical* loss of or damage to Covered Property at the premises described . . ."  (Policy § I ¶ A.)  Plaintiff does not allege anywhere in the Complaint facts describing the Covered Property or the premises where the allegedly damaged Covered Property is located; Plaintiff also fails to allege facts indicating "direct physical loss."[2] Consequently, the Complaint fails to meet the minimum pleading requirements for any of the causes of action alleged and should be dismissed based on this ground alone.  *See Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) and *Bell Atlantic Corp. v. Twombly*, 550 U.S. 554, 555 (2007).  However, the Complaint's defects go beyond mere impermissible conclusory allegations as the facts surrounding a loss of Business Income due solely to a "Closure Order" – no matter how clearly alleged – will never plausibly suggest entitlement to relief under the Policy.

The property damage Plaintiff claims – *i.e.*, loss of use for intended purpose does not, as a matter of law, constitute the "physical loss" required to trigger coverage.  "The requirement that the loss be '*physical*,' given the ordinary definition of that term, is widely held to exclude losses that are intangible or incorporeal, and, thereby to preclude any claim against the property insurer when the insured merely suffers a detrimental economic impact unaccompanied by a distinct, demonstrable, physical alteration of the property." 10A Couch On Insurance § 148.46 (3d Ed. 2019) (emphasis added). Accordingly, a business forced to close because of external factors – as opposed to tangible damage on the premises – cannot recover under insurance policies for direct physical loss or physical damage to property.

On May 14, 2020, the United States District Court for the Southern District of New York, Judge Valerie Caproni presiding, became the first Court to consider the application of property insurance to COVID-19-related losses.  In *Social Life Magazine, Inc. v. Sentinel Insurance Co. Ltd.*, Case No. 20-cv-3311, the court denied an emergency application for a preliminary injunction requiring an insurer to immediately pay insurance proceeds for COVID-19-related loss of income.  Like Plaintiff, Social Life argued that COVID-19 and related closure orders caused "physical loss," a position Judge Caproni rejected from the bench:

> . . . you have got to demonstrate a probability of success on the merits. I feel bad for your client. I feel bad for every small business that is having difficulties during this

---

[2] Under its terms, Plaintiff was required to notify Starr of any alleged loss and provide a description of how, when and where the loss or damage occurred, prior to bringing any legal action against Starr.  (Policy § I ¶¶ E.3. – 4.)  This Plaintiff did not do; Starr's first notice of the alleged loss was receipt of the Complaint.  This is an additional reason to dismiss the Complaint.

> period of time. But New York law is clear that this kind of business interruption <u>*needs some damage to the property*</u> to prohibit you from going [to the place of business]. You get an A for effort, you get a gold star for creativity, but this is just not what's covered under these insurance policies.

(emphasis added). Judge Caproni's ruling was based on precedent that leaves no doubt as to the meaning of "physical" in a commercial property insurance policy. *See, e.g., Roundabout Theatre Co., Inc. v. Cont'l Cas. Co.*, 302 A.D. 2d 1, 3 (N.Y. App. Div. 1st Dep't 2002) (no direct physical loss when the city closed an area following a large scaffolding collapse, making a Broadway theatre inaccessible to the public and forcing it to cancel 35 performances of *Cabaret*, because the theatre itself was undamaged); *see also Newman Myers Kreines Gross Harris, P.C. v. Great Northern Ins. Co.*, 17 F. Supp. 3d 323, 331 (S.D.N.Y. 2014) ("The words 'direct' and 'physical,' . . . ordinarily connote actual, demonstrable harm of some form to the premises itself, rather than forced closure of the premises for reasons exogenous to the premises themselves, or the adverse business consequences that flow from such closure.").

### B. A Claim for Civil Authority Coverage Fails as a Matter of Law

Plaintiff also seeks to recover under the Policy's Civil Authority Coverage, an Additional Coverage under the Policy, which reimburses the insured for actual loss of Business Income and Extra Expense incurred as a result of an action of civil authority that prohibits access to the insured's premises. (Policy § I ¶ A.5.i.) To trigger coverage, the civil authority action must (1) be taken in connection with "direct physical loss to property" other than the insured property, and (2) the insured property cannot be more than one mile from the damaged property that prompted action by a civil authority to prohibit access to an area immediately surrounding the damaged property. In Counts III and IV, Plaintiff seeks declaratory and breach of contract relief in connection with this Civil Authority Coverage despite the absence of any factual allegations establishing (1) physical loss or damage at a non-insured property that (2) results in a civil authority taking action to prohibit access to the area immediately surrounding the damaged non-insured property, and that (3) also limits access to the insured's property which is (4) within that "immediately surrounding" area but not more than one mile from the damaged non-insured property. Civil Authority Coverage is not triggered without these facts. Moreover, any attempt to allege *physical* loss at a non-insured property would fail as a matter of law because, as described above, loss caused by a Closure Order would not qualify as "physical."

### C. Coverage is Precluded by the Virus or Bacteria Exclusion

Even if Plaintiff could establish existence of "direct physical loss or damage to property," its claims would still fail in light of the Policy's express exclusion of "loss or damage caused directly or indirectly" by "any virus, bacterium or microorganism that induces or is capable of inducing physical distress, illness or disease." (Policy § I ¶ B.1.j.) In an attempt to avoid application of this exclusion, Plaintiff pleads that the "efficient proximate cause of Plaintiff's . . . losses were measures taken by state officials in response to the COVID-19 pandemic." (Compl., ¶ 34.) This attempt is futile as the Policy precludes virus-related losses "<u>regardless of any other cause or event that contributes concurrently or in any sequence to the loss</u> . . . [and regardless of] whether or not the loss event results in widespread damage or affects a substantial area." (Policy § I ¶ B.1.)

## II. Conclusion

For all the reasons stated above, Starr respectfully requests that the Court schedule a pre-motion conference to address Starr's intention to file a Motion to Dismiss.

Hon. Joan M. Azrack, U.S.D.J.
June 9, 2020
Page 4

NORTON ROSE FULBRIGHT

Respectfully submitted,

*/s/ Victoria V. Corder*

Victoria V. Corder


cc:  Joy L. Langford (firm) (*pro hac vice motion forthcoming*)
   M. Scott Incerto (firm) (*pro hac vice motion forthcoming*)
   Adam T. Schramek (firm) (*pro hac vice motion forthcoming*)
   All Counsel of Record (via ECF)